IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | Civil Action No.     CCB-19-1426 |
| v. | * | Criminal Action No. CCB-17-0279 |
| | * | |
| PIERE CERADOY | * | |
| | *** | |

**MEMORANDUM**

On February 28, 2018, represented by the Federal Public Defenders' Office, Piere Ceradoy pled guilty to coercion or enticement of a minor in violation of 18 U.S.C. § 2422(b), which was Count Four of a seven-count indictment arising from his lengthy online sexually exploitative relationship with thirteen-year-old Jane Doe. Ceradoy was in his mid-thirties at the time of the offense, and had two prior sex offense convictions. (ECF 28 at 10–13). During the course of the Rule 11 proceeding before Judge Marvin J. Garbis, Ceradoy not only agreed that he was satisfied with the representation of his counsel, (ECF 55-1 at 10), but also admitted under oath to the facts establishing his guilt of that charge, (*id.* at 15–20).[1] On May 3, 2018, he was sentenced to the agreed-upon term of twenty-five years in prison, well below the life sentence suggested by the guidelines. (ECF 38).

Nonetheless, on May 13, 2020, Ceradoy filed a motion to vacate his conviction under 28 U.S.C. § 2255 (ECF 42), which he was allowed to supplement (ECFs 48, 50, 51). The government has filed an opposition, and Ceradoy has replied. No evidentiary hearing is needed.

Ceradoy alleges ineffective assistance of counsel, based on a supposed failure to investigate his claim of actual innocence. That claim, however, is based on his own affidavit, in which he asserts that he did not coerce or entice the victim, but rather that the "sexual contact was consensual in nature, until I tried to end the relationship with the victim, at which point the

---

[1] Judge Garbis has since retired from the bench.

1

victim balked and blackmailed me into continuing the relationship." (ECF 51-1, Aff. of Ceradoy, ¶ 3). His affidavit is squarely at odds both with his signed plea agreement (ECF 28 at 10–13) and with his factual admissions made under oath during his rearraignment (ECF 55-1 at 15–20).

Courts grant a defendant's "solemn declaration of guilt" made under oath in a guilty plea the "presumption of truthfulness." *Beck v. Angelone*, 261 F.3d 377, 394 (4th Cir. 2001) (citing *Henderson v. Morgan*, 426 U.S. 637, 648 (1976) (plurality)). "[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss a § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *United States v. Lemaster*, 403 F.3d 216, 221–22 (4th Cir. 2005). In this case, Ceradoy offers no valid reason for controverting the statements made in his plea.[2] Ultimately, Ceradoy has not shown any deficient performance by counsel, nor any "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Accordingly, Ceradoy's motion to vacate will be denied. No certificate of appealability will be issued. A separate Order follows.

|  |  |
|---|---|
| 11/24/2020 | /s/ |
| Date | Catherine C. Blake<br>United States District Judge |

---

[2] In any event, it is unlikely that a child of thirteen would be found capable of consenting to this relationship.